UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL DERRICK ALEXANDER,

Plaintiff,

v.                                              CAUSE NO. 3:22-CV-26-JD-MGG

JEREMY WRIGHT, et al.,

Defendants.

OPINION AND ORDER

Michael Derrick Alexander, a prisoner without a lawyer, filed a complaint against ten separate defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Alexander alleges that the mother of his child, Shanika Johnson, falsely accused him of hitting her and their son on October 15, 2019. After an investigation, Alexander was arrested and charged with two counts of domestic battery. *See State of Indiana v. Alexander*, No. 71D08-2001-F5-000015 (filed Jan. 17, 2020). Alexander was held on a bond that he thought was excessive, and he was later found guilty and sentenced to a five-year term of incarceration. Alexander has sued Jeremy Wright (an officer involved in

the investigation), Sheriff Bill Redman, Chief of Police Scott Ruszowski, Prosecutor Patrick Dowdy, Head Prosecutor Ken Cotter, Public Defender Phil Skodinski, Public Defender Sean Heilgindorf, Mayor James Muller, President of the Common Council Andy Kostielney, and Shanika Johnson.

Alexander cannot proceed against Prosecutor Patrick Dowdy or Head Prosecutor Ken Cotter because they are immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).

Alexander cannot proceed against Public Defender Phil Skodinski or Public Defender Sean Heilgindorf because they were not acting under color of state law. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the

State and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Alexander cannot proceed against Sheriff Bill Redman, Chief of Police Scott Ruszowski, Mayor James Muller, or President of the Common Council Andy Kostielney because he has not alleged that they were personally involved in the events he describes. The complaint suggests that these defendants should be held responsible for the actions of their subordinates, but there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. Alexander's complaint does not allege that Sheriff Bill Redman, Chief of Police Scott Ruszowski, Mayor James Muller, or President of the Common Council Andy Kostielney were personally involved in violating his rights. Therefore, he has not stated a claim against them.

Alexander also sued Jeremy Wright. A week or so after the alleged incident, Detective Jeremy Wright arrived at Alexander's address to ask him some questions. Alexander's father told Wright that Alexander was not there. Wright accused Alexander's father of lying and threatened to get a warrant. The two argued, and Alexander's father told Wright to get off his property. Wright told Alexander's father that Alexander had one week to contact him or he would file charges against him. Wright and Stephine Steel, a D.C.S. employee, interviewed Johnson. They also questioned Alexander's son. Alexander takes issue with the manner his son was

3

questioned, because the session was long, his son apparently indicated he did not want to answer questions, and they provided Alexander's son with McDonalds to get more information from him. These allegations, however, do not amount to a constitutional violation. Johnson allegedly told their son to lie and say that both he and Johnson were hit with a bat. Alexander alleges that Wright committed perjury on a report, but it is not clear what report he allegedly committed perjury on, what he included that was untrue, or what impact (if any) it had on the judge's decision to issue a warrant for Alexander's arrest. "An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500 (7th Cir. 2011). Alexander's complaint does not plausibly allege any material facts were misstated or omitted by Wright to obtain a warrant for his arrest. Therefore, Alexander may not proceed against Wright for any role he may have played in obtaining a warrant for Alexander's arrest.

The only other defendant that Alexander has sued is his son's mother, Shanika Johnson. To the extent Alexander may have a claim against Johnson, it is not a federal claim. In the absence of a federal claim, this court relinquishes jurisdiction over any state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction

over any state-law claims under 28 U.S.C. 1367(c).”). Therefore, he will not be granted leave to proceed against Johnson.

This complaint does not state a claim for which relief can be granted, and based on the allegations, it seems unlikely he will be able to do so. Nevertheless, in the interests of justice, Alexander may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because “[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile.” *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Michael Derrick Alexander until **June 2, 2022**, to file an amended complaint; and

(2) CAUTIONS Michael Derrick Alexander if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 2, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT